UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILLINGNETWORK PATENT, INC.

   Plaintiff,

v.               CASE NO.: 8:04-CV-1515-T-27MAP

CERNER PHYSICIAN PRACTICE, INC. and
VITAL WORKS, INC.,

   Defendant.
_____/

## ORDER

   This cause is before the Court on Defendants' motion to compel production of documents from Plaintiff (doc. 45) and Plaintiff Billingnetwork Patent, Inc.'s opposition thereto (doc. 48) and Plaintiff's Motion for Enlargement of Time for Completion of Discovery (doc. 52).  Plaintiff is the assignee and owner of all rights to recover for past infringements of U.S. Patent No. 6,374,229 (the "229 patent"), an integrated internet facilitated billing, data processing and communication system.  Plaintiff asserts the Defendants have infringed its '229 patent and actively induced others to infringe the '229 patent.  *See* Amended Complaint, doc. 25.

   By their motion, Defendants seek entry of an order requiring Plaintiff to respond more fully to requests for production 25, 30, 36, and 44.  Generally, these requests elicit documents relating to Plaintiff's correspondence and license and settlement agreements with third parties.  Plaintiff admits to entering into licensing agreements with seven parties and entering into settlement agreements with two parties concerning the patent.  *See* Exhibit A to doc. 45.  Plaintiff objected to production on various grounds, including work product, attorney-client

privilege, undue burden, and relevancy. Now Plaintiff contends the documents are inadmissible under Fed.R.Ev. 408. Defendants maintain the documents are relevant to a damages theory based on a reasonable royalty analysis and discoverable, regardless of whether they are admissible as evidence at trial. Under a damages theory based on a reasonable royalty analysis, a reasonable royalty for patent infringement may be computed by basing the royalty on an established royalty, if there is one, or if not, upon the supposed result of a hypothetical negotiations between the plaintiff and the defendant. *Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1554 (Fed. Cir. 1995). Courts consider a wide range of factors in conducting a hypothetical negotiation analysis including factor one, "the royalties received by the patentee for licensing of the patent in suit, proving or tending to prove an established royalty." *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116 (S.D.N.Y. 1970). Defendants assert, relying on *Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, 2003 WL 22387038, *2 (D. Del. October 7, 2003), that a patent holder's agreements with third parties are permissible considerations in a reasonable royalty calculation.[1] Licenses with third parties are also relevant in connection with invalidity defenses, raised by the Defendants here. At least three district courts have found license agreements and/or settlement agreements with third parties relevant and discoverable under Fed.R.Civ.P. 26(b)(1). *See Datapoint Corp. v. Picturetel Corp.*, 1998 WL 51356 (N.D. Texas Jan. 23, 1998) (compelling production of patentee's license agreement with third party because it was relevant to the subject matter of the pending action on issues of

---

[1] The *Pharmastem* court noted that notwithstanding the relevance of such agreements, the court may still exclude license agreements between a patent holder and third parties under Fed. R. Ev. 408 where it is reached under a threat of litigation, arose in a situation where litigation was threatened or probable, or was negotiated against a backdrop of continuing litigation. *Id.* Here, the issue is a discovery one, not evidentiary.

patent validity and damages, specifically in calculating a reasonable royalty); *Multi-tech Systems, Inc. v. Dialpad.com, Inc.*, 2001 WL 34624004 (D. Minn. 2001) (requiring production of licensing agreements and the underlying negotiations, excluding any privileged documents, relevant to determining damages especially the reasonable royalty rate).

Accordingly, for these reasons and those stated at the hearing, it is hereby

ORDERED that:

1. The Motion to Compel Production of Documents (doc. 45) is GRANTED in part and DENIED in part as set forth below.

2. Plaintiff is directed to produce, within ten days of the date of this order, the seven licensing agreements that they entered into with other parties. These documents will be subject to the protective order entered by this Court on February 8th, 2005 (doc. 23).

3. Defendants' request for production of documents explaining or leading up to licensing agreements, and for settlement papers or agreements dealing with those matters, is DENIED.

4. Plaintiff's Motion for Enlargement of Time for Completion of Discovery (doc. 52) is DENIED.

5. The parties are to agree on a convenient time, date and location to reschedule the Rule 30(b)(6) depositions that this Court suspended (doc. 55) pending the outcome of the motion to compel that is the subject of this order.

DONE AND ORDERED at Tampa, Florida on this 13th day of September, 2005.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record